UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In Re: Tammy L. Henry ) | | |
| ) | Case No.: <u>11-14274-BFK</u> | |
| Debtor. ) | Chapter 7 | |
| ) | | |
| Michael F. Thomson ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | AP No. <u>11-01530-BFK</u> | |
| ) | | |
| Tammy L. Henry ) | | |
| ) | | |
| Defendant. ) | | |
| _____ ) | | |

## PLAINTIFF'S TRIAL BRIEF

Plaintiff, Michael F. Thomson ("Plaintiff" or "Mr. Thomson") submits this trial brief outlining the legal and factual issues in this action for an Order declaring obligations arising out of the Final Divorce Decree to be to nondischargeable under § 523(a)(5) and or (a)(15) of the Bankruptcy Code, 11 U.S.C. § 101, *et seq*.

### STATEMENT OF MATERIAL FACTS

1. Ms. Henry filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code on June 8, 2011.

2. Mr. Thomson filed this Adversary Proceeding for an Order declaring certain obligations declared nondischargeable on September 15, 2011.

3. Mr. Thomson and Ms. Henry (collectively referred to as, "the Parties") were married on March 17, 1984.

4. During the marriage, the Parties jointly owned and operated a retail hardware store, Matt's Ace Hardware, Inc. ("the Corporation").

5. The marriage between the Parties dissolved and the Parties entered into a "Separation Agreement," which was attached and incorporated in the Final Decree of Divorce entered on March 19, 2009, *see* Pl.'s Ex. 1[1].

6. Both parties were represented by attorney's in drafting the Separation Agreement as evidence by the attorneys respective signatures on the Separation Agreement and the Addendum. *See* Pl.'s Ex 1 at 12, 15.

7. Pursuant to the Separation Agreement, Mr. Thomson transferred his interest in the Corporation to Ms. Henry.

## Promissory Note

8. Paragraph 4 of the Separation Agreement states that "[Ms. Henry] shall execute a note as President of the Corporation and personally guaranteeing the payment of $300,000 @ 4% with monthly payments of $4,018 per month beginning Dec 1, 2008 with a balloon payment payable in full on Jan 1, 2011" ("Promissory Note"). *See* Pl. Ex. 1 at 9.

9. Pursuant to the Separation Agreement, Ms. Henry executed the Promissory Note on February 10, 2009, *see* Pl. Ex. 2, which provides that –

> "the undersigned, MAKER, Tammy Thomson, promises to pay to the order of MICHAEL THOMSON, the NOTEHOLDER (hereinafter Noteholder or Holder), or his heirs, executors, administrator, or assigns, the principal sum of THREE HUNDRED THOUSAND and 00/100THS DOLLARS ($300,000.00) with interest at an annual rate of four percent per annum (4%). The loan shall be repaid in consecutive monthly payments of principal and interest of $4,018.00, beginning on December 1, 2008, continuing thereafter on the 1st day of each month thereafter until January 1, 2011, at which time the entire remaining unpaid principal and any unpaid interest shall become immediately due and payable."

---

[1] All reference to "Pl's Ex. #" refer to Plaintiff's Trial Exhibits.

10. Ms. Henry had no obligation to enter into the Promissory note in her individual capacity other than the obligation created by the Separation Agreement.

11. Mr. Thomson has not assigned the Promissory Note to a nongovernmental entity.

12. Prior to the Separation Agreement, Mr. Thomson was co-owner and President of the Corporation. After giving up his interest in the Corporation, Mr. Thomson was unemployed.

13. Paragraph 3 of the Divorce Decree states that "No spousal support is ordered as each party has irrevocably waived any rights that he or she may have had to seek alimony, support or maintenance from the other now or at any time in the future."  Pl.'s Ex. 1 at 3.

14. Paragraph C of the Addendum states that "the parties mutually waive the right to receive spousal support." Pl.'s Ex. 1 at 14.

15. Though the Final Decree of Divorce and Addendum "waive the right to claim spousal support," Mr. Thomson relied exclusively on the payments due under the Promissory Note for living expenses, food, clothing, shelter and transportation.

16. Mr. Thomson did not seek additional support because of the payments he was to receive under the Promissory Note.

### Hold-harmless Claims

17. Paragraph 5 of the Separation Agreement provides that:

    "5. Wife agrees to assume all indebtedness of the Corporation to Husband's exoneration." Pl.'s Ex. 1 at 9.

18. There were, and are, outstanding debts of the Corporation that Mr. Thomson remains personally liable on with the Corporation, including the following:

    a. Any amounts to Wells Fargo for a Business Line of Credit, *see* Pl.'s Ex. 4-5; and

    b. Any amounts to Aide's Discount Store, Inc., *see* Pl.'s Ex. 6-7; and

    c. Any amounts to Advanta BankCorp Inc., *see* Pl.'s Ex. 9.

19. Ms. Henry did not have any obligation to Mr. Thomson for any Corporate debts or the Promissory Note prior to entering into the Separation Agreement.

20. Pursuant to the Addendum to the Separation Agreement, also incorporated in the Final Decree of Divorce, "the Parties shall continue to pay the joint credit card equally and shall be no further charges.  A party may pay his or her one-half and that would exonerate that party from any further payments". Pl.'s Ex. 1 at 13.

21. The joint credit card referred to in Paragraph B in the Addendum to the Separation Agreement is a Bank of America account ending in 0055.

22. Ms. Henry still owes a portion of her "one-half" on the Bank of America account.

23. Paragraph E of the Addendum states that "Each party shall be responsible for his or her own attorney's fees, except for the successful prosecution or defense of an enforcement proceeding under this agreement."  Pl.'s Ex. 1 at 14.

## ARGUMENT

I. Introduction

This Complaint was filed by Mr. Thomson for an Order from the Court to have certain obligations declared nondischargeable under § 523(a)(5) and/or §523(a)(15) of the Bankruptcy Code. This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1334, and the Order of Reference of the U.S. District Court for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I) (determination as to the dischargeability of particular debts.)

II. Promissory Note incurred pursuant to Separation Agreement is Nondischargeable

    a. §523(a)(5) does not discharge debts "in the nature of support"

Section §523(a)(5) provides that "[a] discharge. . . does not discharge an individual debtor from any debt -- . . .(5) for a domestic support obligation." *Id.* "Section 101(14A) defines the term 'domestic support obligation' as follows;

> The term 'domestic support obligation' means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is –
>
> (A) owed to or recoverable by-
>
>     (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>
>     (ii) a governmental unit;
>
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
>
>     (i) a separation agreement, divorce decree, or property settlement agreement;
>
>     (ii) an order of a court of record; or
>
>     (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt."

*Nicolae v. Mirea (In re Mirea)* AP No. 11-01294-BFK (Bankr. E.D. Va., July 25, 2012) (citing 11 U.S.C. 101(14A)).

The obligation created by the Separation Agreement, as memorialized in the Promissory Note, established an obligation payable to, and recoverable by, Mr. Thomson, prior to the date of order for relief in this case; which has not been assigned to a nongovernmental entity. These facts satisfy parts (A), (C), and (D) of the definition of a 'domestic support obligation.' *See* § 101(14A)(A), Bankruptcy Code.

The only remaining inquiry is whether or not the obligation is "in the nature of alimony, maintenance, or support." § 101(14A)(B), Bankruptcy Code. This Court has said that "[w]hether the obligation is in the nature of alimony, maintenance or support depends on the intent of the parties." *Nicolae*, AP No. 11-01294 (Bankr. E.D. Va., July 25, 2012) (*citing Tilley v. Jessee*, 789 F.2d 1074, 1078 (4th Cir. 1986)). "In making this determination, the Court. . . look[s] to the following factors: (1) the language and substance of the agreement; (2) the financial situation of the parties at the time of the agreement; (3) the function served by the obligation at the time of the agreement; and (4) whether there is any evidence of overbearing at the time of the agreement." *Id*. (citations omitted).

Here, both Parties were represented by counsel during the negotiations and who consented to their entry into the Separation Agreement. Also, there is no evidence suggesting there was any overbearing at the time of the agreement. The two remaining inquiries are "the language substance of the agreement" and the "the function served by the obligation at the time of the agreement." *See id*.

The Final Decree of Divorce does provide that "[n]o spousal support is ordered as each party has irrevocably waived any rights that he or she may have had to seek

alimony, support or maintenance from the other now or any time in the future." Pl.'s Ex. 1 at 3. The Addendum, which is incorporated by reference in the Final Decree of Divorce, states that "C. The parties mutually waive the right to receive spousal support." Pl.'s Ex. 1 at 14. However, it is not necessarily the terms of the agreement, but the substance of the agreement that evidences the intent of the parties. *See Tilley v. Jessee*, 789 F.2d 1074 (4th Cir. 1986).

At the time the Separation Agreement was entered into, Mr. Thomson was leaving his business and employment behind. He had no other income or means of support and the Promissory Note provided his only income. The note was structured so that Mr. Thomson would receive equal monthly payments for approximately 24 months and a lump sum payment of the remaining amounts due under the note. "An agreement that serves to provide such daily necessities of food, clothing, shelter, and transportation is indicative of debt intended to be in the nature of support. . ." *Nicolae*, AP No. 11-01294 (Bank. E.D. Va, July 25, 2012)(citing *Catron v. Catron (In re Catron)*, 164 B.R. 912, 919 (E.D. Va 1994), *aff'd* 43 F.3d 1465 (4th Cir. 1994).

While the Separation Agreement and Final Decree of Divorce state that each party waived the right to seek spousal support, it is the structure and function of the payments that evidence the intent that the obligation be "in the nature of alimony, maintenance, or support." § 101(14A)(B), Bankruptcy Code. This satisfies the final element of the definition of a 'domestic support obligation,' preventing the discharge of this obligation under §523(a)(5) of the Bankruptcy Code.

    b. Promissory note otherwise dischargeable under §523(a)(15)

Being a Chapter 7 case, "[i]f the obligation arising out of the State Court Order [is] not in the nature of alimony, maintenance, or support, [it] would still be non-dischargeable under Section 523(a)(15) of the Bankruptcy Code, which excepts debts:

>     to a spouse, former spouse, or child of the debtor and not of the kind
>     described in paragraph (5) that is incurred by the debtor in the course of
>     a divorce or separation or in connection with a separation agreement,
>     divorce decree or other order of a court of record, or a determination
>     made in accordance with State or territorial law by a governmental
>     unit."

*Nicolae*, AP No. 11-01294(Bankr. E.D. Va., July 25, 2012) (citing 11 U.S.C. § 523(a)(15)).

The Promissory Note is an obligation that arises out of an order of a court of record, in connection with the parties' divorce or separation. Therefore, as to the Promissory Note, the result would be the same under § 523(a)(15). *See Nicolae*, AP No. 11-01294(Bankr. E.D. Va., July 25, 2012) (citing *In re Rogowski*, 462 B.R. 435, 440 n.9 (Bankr. E.D.N.Y. 2011)("[I]t is irrelevant whether those awards constitute true support obligations, because even if not encompassed within § 523(a)(5), they would be dischargeable pursuant to § 523(a)(15)")).

    c.  Promissory Note is Nondischargeable Pursuant to § 523(a)(5) or (a)(15)

As Mr. Thomson is only seeking an Order declaring the obligation under the Promissory Note nondischargeable so that he can return to the state court to establish the amount due and pursue collection activity, this ends the Bankruptcy Court inquiry into the matter. Though Mr. Thomson has established that the Promissory Note was intended to be in the nature of support under § 523(a)(5), it is irrelevant because the note would still be nondischargeable under § 523(a)(15).

III.  Obligations incurred by Ms. Henry to Mr. Thomson under the hold-harmless provision in the Separation Agreement are nondischargeable under §523(a)(15)

The Separation Agreement incorporated into the Final Divorce Decree provides that Ms. Henry "agrees to assume all indebtedness of the Corporation to [Mr.

Thomson's] exoneration." Pl.'s Ex. 1 at 9. Black's Law Dictionary defines 'exonerate' as "1. The removal of burden, change, responsibility, or duty. 2. The right to be reimbursed by reason of having paid money that another person should have paid." BLACK'S LAW DICTIONARY, (8th ED. 2004). This provision of the Separation Agreement, therefore, operates as a "hold-harmless" clause, requiring either complete removal of responsibility or Mr. Thomson, or at the very least, a contingent liability for reimbursement if Mr. Thomson pays the indebtedness of the Corporation, for which Mr. Thomson still is liable. Likewise, Ms. Henry also agreed to pay her one-half of the joint credit card. Pl.'s Ex 1 at 13. The agreement states that payment of his or her one-half would exonerate that party from further payments.

A chapter 7 does not discharge a debtor from debts owed to a 'former spouse . . . that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record.'" *Badolato v. Badolato (In re Badolato)* 2010 WL 1006569, AP No 09-1131-SSM (Bankr. E.D. Va., March 17, 2010)(citing § 523(a)(15), Bankruptcy Code).

    a. State law governs whether obligation incurred by debtor in separation agreement despite being payable to third party.

While the Fourth Circuit has not addressed whether a debt payable to someone other than the Debtor's former spouse is nondischargeable under § 523(a)(15), the Sixth Circuit analyzed the issue in *In re Gibson*, 219 B.R. 195 (6th Cir. 1998). The Sixth Circuit began its inquiry by defining what it means to "incur" a "debt" under §523(a). The Court first noted that Section 523(a) governs the dischargeability of 'any debt,' and that 'debt' is defined by the Bankruptcy Code as 'liability on a claim.' *See id.* (citing §

101(12)). The Court then took note the broad definition of 'claim,' relying on the Supreme Court's explanation in *Cohen v. de la Cruz*, 523 U.S. 213 (1998):

> A "debt" is defined in the Code as "liability on a claim," § 101(12), a "claim" is defined in turn as a "right to payment," § 101(5)(A), and a 'right to payment,' we have said, 'is nothing more nor less than an enforceable obligation.' Those definitions 'reflec[t] Congress' broad. . . view of the class of obligations that qualify as a 'claim' giving rise to a 'debt . . .'

*In re Gibson,* 219 B.R. at 202(citing *Cohen*, 523 U.S. 213 (1998); see also *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991)("We have previously explained that Congress intended by this language to adopt the broadest available definition of 'claim')).

The Court continued to reason that "[n]otably absent from the qualifying language in § 523(a)(15) are the phrases 'hold harmless' and 'payable to a third party.' Notably present in the qualifying language of §523(a)(15) is the term 'incurred' . . .[which] is not defined in the Bankruptcy Code." *Id.* (citing § 523(a)(15), Bankruptcy Code).

> "The term 'incur' is defined as: '[t]o have liabilities cast upon one by act or operation of law, as distinguished from contract, where the party acts affirmatively. To become liable or subject to, to bring down upon oneself, as to incur debt, danger, displeasure and penalty, and to become through one's own action liable or subject to."
>
> *In re Gibson,* 219 B.R. at 202(citing BLACKS'S LAW DICTIONARY 768 (6th ed. 1990).

The Court then pointed out that "the determination of whether a debtor incurs a debt in connection with a Separation Agreement or Dissolution Decree is not limited to the use of hold harmless or other specific indemnification language." *In re Gibson,* 219 B.R. at 203. "A debtor may, and frequently does, incur such an obligation in accordance with applicable nonbankruptcy law." *Id.* (citing *Grogan v. Garner*, 498 U.S. 27, 283-284 (1991) ("[t]he validity of a creditor's claim is determined by rules of state law[,] and [w]e use the term 'state law' expansively herein to refer to all nonbankruptcy law that creates

substantive claims." (citations omitted)). The Court went on to hold that an analysis of nonbankruptcy law is required to determine if a debt has been incurred which satisfies the qualifying language of § 523(a)(15). *See In re Gibson,* 219 B.R. at 203.

    The Tenth Circuit looked at the issue and similarly reasoned that:

> Because the other spouse may invoke those remedies in domestic court, the spouse's right of enforcement forms the basis for a "claim." In the bankruptcy code, a claim is defined as a right to payment or to an equitable remedy. A debt is defined as liability on a claim. Accordingly, the non-debtor spouse's right to enforce the decree 'gives rise to a right to payment,' and is a debt that the debtor spouse incurs in connection with the separation agreement."

*In re Wodark*, 425 B.R. 834, 838-39 (10th Cir. 2010)(*see also In re Lilly*, 2012 WL 603771, AP No. 10-2006, (9th Cir., Jan. 31, 2012)).

    The Tenth Circuit then held that "[b]ecause state law affords [the ex-spouse] a means of enforcing the separation agreement as part of a judgment, he has a right to payment that is a 'debt' that [the Debtor] incurred in connection with the separation agreement." *In re Wodark*, 425 B.R at 839.

b. Enforceable obligation incurred under Virginia state law = nondischargeable

The Virginia Court of Appeals dealt with the very question of whether or not an obligation incurred in a separation agreement, owed to a third party, was a legally enforceable obligation for purposes of nondischargeability under §523(a)(15) of the Bankruptcy Code. *See Rogers v. Rogers*, 51Va. App. 261 (2008)(opinion attached for reference as **Exhibit 1**). In its analysis, the Rogers Court began with a statutory analysis of the Virginia Code finding that a decree of divorce can incorporate a settlement agreement between the parties, which is then be enforceable in the same manner as any provision of such decree. See *Rogers,* 51Va. App at 273.

In determining that the decree requiring one party to pay the debt was an enforceable, legally binding obligation, the Court then noted:

> The parties are free to access the equitable powers of the court to enforce the decree, including the terms of the [incorporated] agreement. A court may enforce its decrees by holding non-compliant parties in contempt.

*Rogers*, 51Va. App. at 273 (2008) (citing *Campbell v. Campbell*, 32 Va. App. 351, 356 (2000); *Owney v. Owney,* 8 Va. App. 255, 259 (1989); *see also Wilson v. Collins*, 27 Va. App. 411, 424 (1998).

The *Rogers* court concluded that "[t]he court's decree bound [the debtor] to responsibility for the debt and gave the court equitable powers if [the debtor] failed to fulfill [her] responsibility." *Id.* Thus, "[t]he obligation . . . qualifies as [nondischargeable] debt for purposes of [§523(a)(15)]." *Id.*

Because the Separation Agreement creates a legally enforceable obligation to Mr. Thomson, which was incurred in "course of a divorce . . . or in connection with a separation agreement, divorce decree or other court of record. . .," all indebtedness of the Corporation is nondischargeable, as to Mr. Thomson, under § 523(a)(15).

      c.  *In re Laro Sim Tan* not adequately briefed nor binding.

Despite the fact that Virginia courts have held that a "hold-harmless" provision in a separation agreement creates an enforceable obligation to the non-debtor spouse, Judge Mayer has recently held, without analysis, that "any debt payable to someone other than a spouse, former spouse or child of the debtor is not within either §523(a)(5) or §523(a)(15) . . ." *In re Laro Sim Tan,* 2012 WL 1788179, AP No. 10-1549-RGM (Bankr. E.D.Va., May 16, 2012). The critical inquiry for Judge Mayer began and ended with 'who' the debt is payable to. However, a review of the briefings filed in that case reveal that the issues the parties addressed related, not to whether a debt payable to a third party was dischargeable under §523(a)(15), but rather to the interpretation of the separation agreement and to what Virginia Circuit Court did or did not do.

Judge Krumm also refused to enter an order to declare debts owed to a third party nondischargeable under §523(a)(15), *In re Mayes*, 2011 WL 3347856, AP No. 10-05031 (July 26, 2011), but in that case the debt was not specifically allocated to the debtor in a separation agreement or court order.

Neither of these opinions, authored by Judge Mayer or Judge Krumm, addressed the Sixth or Tenth Circuit's reasoning or holdings, nor do they address the Virginia Court of Appeals ruling in *Rogers*, defining the debtor's obligation under state law, a fundamental inquiry into whether or not a non-debtor ex-spouse has a claim and debt under the Bankruptcy Code. With the similar facts and the issue squarely before them, both Courts would likely reconsider or refine their positions on the applicability of § 523(a)(15) to obligations incurred in a separation agreement, payable to a third party.

      d.  Obligation to non-debtor spouse incurred in separation agreement nondischargeable

The liability created under state law ("assumption of indebtedness or Corporation to Husbands exoneration") creates a 'claim,' *see* §101(5), which is a 'debt,' *see* §101(12), which is nondischargeable under § 523(a)(15) when incurred "in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order or a court of record. . ." *See id.* This is the analysis of the Circuit Courts of Appeal who have examined the issue and the analysis Mr. Thomson requests that this Court adopt with respect to the nondischargeabity of debt *payable* to someone other than "a spouse, former spouse, or child of the debtor," *id.*, but creating an obligation to these parties.

IV.     Attorney's Fees

The Addendum to the Separation Agreement provides that "[e]ach party shall be responsible for his or her own attorney's fees, except for the successful prosecution or defense of an enforcement proceeding under this agreement." Pl.'s Ex. 1 at 14. In this case, Mr. Thomson sought an Order from the Court declaring the obligations incurred by Ms. Henry in the Separation Agreement to be non-dischargeable so that he could continue enforcement in state court proceedings. As evidenced above, each of the types of debt incurred pursuant to the Separation Agreement are non-dischargeable. The Amended Complaint seeks attorney's fees "should Defendant contest entry of a non-dischargeability order." Pl.'s Am. Compl. ¶ 34.

By contesting the entry of an Order of nondischargeabity, Ms. Henry required Mr. Thomson to litigate the Separation Agreement in bankruptcy court to enforce the obligations she undertook in the Separation Agreement. It is well-settled that "attorney's fees follow the nature of the principal award, *see In re Uzaldin*, 418 B.R. 166, 172

(Bankr. E.D. Va. 2009) (citing *Silansky v. Brodsky, Greenblatt & Renehan*, 897 F.2d 743 (4th Cir. 1990)).  *See also In re Taylor*, BAP NM-11-103, 2012 WL 3839318 (B.A.P. 10th Cir. Sept. 5, 2012)("We have previously held that where state law or a fee-shifting agreement so provides, the party in a § 523(a)(5) or § 523(a)(15) action who succeeds in proving an exemption to discharge may be awarded his or her fees by the bankruptcy court.")

## CONCLUSION

WHEREFORE, the Plaintiff, Michael F. Thomson, respectfully requests that this Court enter an Order declaring that the obligations owed to Mr. Thomson pursuant to the parties Final Divorce Decree are nondischargeable under either 11 U.S.C. § 523(a)(5) or 11 U.S.C. § 523(a)(15).

With respect to attorney's fees Mr. Thomson requests the entry of an Order that any attorney's fees for the enforcement or defense of the Separation Agreement are nondischargeable and that his attorney's fees incurred for this Adversary Proceeding are nondischargeable. If the Court wishes to establish an amount certain, the Plaintiff requests the Court retain jurisdiction over this matter for ten additional days so that Counsel can file a motion for attorney's fees.

Respectfully,
Michael F. Thomson

By:    /s/ Nathan D. Baney, Esq.
Nathan D. Baney, Esq. (VSB#: 75935)
Redmon, Peyton & Braswell, LLP
510 King Street, Ste 310
Alexandria, Virginia  22314
nbaney@rpb-law.com
T:  703-684-2000
F:  571-366-2013

CERTIFICATE OF SERVICE

    I hereby certify that on September 10, 2012, I caused the foregoing PLAINTIFF'S TRIAL BRIEF to be served on the following:

    Scott Alan Weible
    14540 John Marshall Highway, Suite 201
    Gainesville, Virginia  20155
    *Counsel to Defendant*

    /s/ Nathan D. Baney