UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In Re:  Tammy L. Henry | ) | |
| | ) | Case No.: <u>11-14274-BFK</u> |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| Michael F. Thomson | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | AP No. <u>11-01530-BFK</u> |
| | ) | |
| Tammy L. Henry | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**JUDGMENT**

THIS MATTER CAME ON REGULARLY FOR TRIAL on September 13, 2012.  Plaintiff Michael F. Thomson, appeared in person and by counsel, Nathan Dee Baney, Esquire, of Redmon, Peyton & Braswell, LLP.  Defendant, Tammy L. Henry, appeared in person and by counsel, Scott A. Weible, Esquire, of Scott Alan Weible, P.L.L.C..

THE COURT heard the testimony (both direct and cross-examination) of Plaintiff, and of Defendant, admitted proffered exhibits into evidence, and heard the argument of counsel.

UPON CONSIDERATION of the pleadings herein, the testimony of the parties, the exhibits admitted, the argument of counsel, and the law applicable to the matters plead and tried herein, the Court announced its decisions in open court.  It is, therefore, hereby

Page **1** of **6**

Scott A. Weible, Esq. (VSB # 75633)
Scott Alan Weible, P.L.L.C.
14540 John Marshall Highway, Suite 201
Gainesville, Virginia  20155-1693
T:  703-754-2092; F:  703-754-2093, scott@weible.com
*Counsel to Defendant Tammy L. Henry*

FOUND AND DETERMINED that

1.) On November 11, 2008, Plaintiff and Defendant entered into a Marital Settlement Agreement ("MARITAL SETTLEMENT AGREEMENT");

2.) On March 19, 2009, the Circuit Court of Fauquier County, Virginia, entered its Final Decree of Divorce in that case entitled <u>Tammy Harlow Thomson v. Michael Francis Thomson</u>, Circuit Court of Fauquier County, Case No. CL 0800072-00 ("FINAL DECREEE"), thereby dissolving Defendant's marriage to Plaintiff;

3.) That, by virtue of and under said MARITAL SETTLEMENT AGREEMENT and said FINAL DECREE, as of the date of the filing of Defendant's chapter 7 petition herein on June 8, 2011, Plaintiff had no right to, or expectation of receiving, "spousal support" from Defendant as the quoted phrase is used in 11 U.S.C. § 523(a)(5), whether under said MARITAL SETTLEMENT AGREEMENT, said FINAL DECREE or otherwise;

4.) That, by virtue of and under said MARITAL SETTLEMENT AGREEMENT and said FINAL DECREE, as of the date of the filing of Defendant's chapter 7 petition herein on June 8, 2011, under 11 U.S.C. § 523(a)(15),

    a. Defendant was indebted to Plaintiff under the terms and conditions of that "Promissory Note" dated February 11, 2009, in that Defendant personally guaranteed the repayment of certain monies to Plaintiff, on certain conditions and subject to certain defenses; and

    b. Defendant agreed to exonerate Plaintiff against all indebtedness of the corporation (then owned by Plaintiff and Defendant and named "Matt's Ace

Page **2** of **6**

Scott A. Weible, Esq. (VSB # 75633)
Scott Alan Weible, P.L.L.C.
14540 John Marshall Highway, Suite 201
Gainesville, Virginia  20155-1693
T:  703-754-2092; F:  703-754-2093, scott@weible.com
***Counsel to Defendant Tammy L. Henry***

Case 11-01530-BFK   Doc 40   Filed 09/26/12   Entered 09/26/12 11:53:59   Desc Main
Document   Page 3 of 6

Hardware, Inc.") to Wells Fargo Bank, Aides Discount Store, Inc. and Advanta BankCorp as of November 11, 2008; and

c. Defendant agreed to pay a portion of certain non-corporate personal joint-indebtedness which Defendant and Plaintiff owed to Bank of America on that credit card ending in 0055 as of November 11, 2008; and

d. Plaintiff and Defendant agreed that each party shall be responsible for his or her own attorneys fees, except for the successful prosecution or defense of an enforcement proceeding under the MARITAL SETTLEMENT AGREEMENT.

And, it is, hereby

ORDERED, ADJUDGED AND DECREED that

Count I - 11 U.S.C. § 523(a)(**5**)

1.) The claims of Plaintiff against Defendant, that Defendant was indebted to Plaintiff under the terms and conditions of that "Promissory Note" dated February 11, 2009, on the ground that Defendant personally guaranteed the repayment of certain monies to Plaintiff, on certain conditions and subject to certain defenses are ***not*** made non-dischargeable by 11 U.S.C. § 523(a)(**5**); and

2.) The claims of Plaintiff against Defendant, that Defendant agreed to exonerate Plaintiff against all indebtedness of the corporation (then owned by Plaintiff and Defendant and named "Matt's Ace Hardware, Inc.") to Wells Fargo Bank, Aides Discount Store, Inc. and

Scott A. Weible, Esq. (VSB # 75633)
Scott Alan Weible, P.L.L.C.
14540 John Marshall Highway, Suite 201
Gainesville, Virginia  20155-1693
T:  703-754-2092; F:  703-754-2093, scott@weible.com
***Counsel to Defendant Tammy L. Henry***

Advanta BankCorp as of November 11, 2008, are **_not_** made non-dischargeable by 11 U.S.C. § 523(a)(**5**); and

3.) The claim of Plaintiff against Defendant that Defendant agreed to pay a portion of certain non-corporate personal joint-indebtedness which Defendant and Plaintiff then owed to Bank of America on that credit card ending in 0055 as of November 11, 2008, is **_not_** made non-dischargeable by 11 U.S.C. § 523(a)(**5**); and

Count II - 11 U.S.C. § 523(a)(**15**)

4.) The claims of Plaintiff against Defendant that Defendant was indebted to Plaintiff under the terms and conditions of that "Promissory Note" dated February 11, 2009, on the ground that Defendant personally guaranteed the repayment of certain monies to Plaintiff, on certain conditions and subject to certain defenses **_are_** made non-dischargeable by 11 U.S.C. § 523(a)(**15**); and

5.) The claims of Plaintiff against Defendant that Defendant agreed to exonerate Plaintiff against all indebtedness of the corporation [Matt's Ace Hardware, Inc.] to Wells Fargo Bank, Aides Discount Store, Inc. and Advanta BankCorp as of November 11, 2008, **_are_** made non-dischargeable by 11 U.S.C. § 523(a)(**15**); and

6.) The claims of Plaintiff against Defendant that Defendant agreed to pay a portion of certain non-corporate personal joint-indebtedness which Defendant and Plaintiff owed to Bank of America on that credit card ending in 0055 as of November 11, 2008, **_is_** made non-dischargeable by 11 U.S.C. § 523(a)(**15**); and

Scott A. Weible, Esq. (VSB # 75633)
Scott Alan Weible, P.L.L.C.
14540 John Marshall Highway, Suite 201
Gainesville, Virginia  20155-1693
T:  703-754-2092; F:  703-754-2093, scott@weible.com
**Counsel to Defendant Tammy L. Henry**

Count III – Attorneys Fees & Costs

7.) Attorneys fees and costs of suit shall be awarded pursuant the Plaintiff's and Defendant's agreement for such an award in connection with the successful prosecution or defense of an enforcement proceeding under the MARITAL SETTLEMENT AGREEMENT. Any motion to recover such fees and costs shall be filed no later than September 23, 2012, not withstanding the 14-day time period set forth in F.R.C.P. Rule 54(d)(2)(B)(i). Objections to recovery of fees or costs shall be filed no later than October 3, 2012. The Court will rule upon any such motion and objections without a hearing. Pursuant to F.R.C.P. Rule 59(e), this Court shall retain jurisdiction, and this Judgment shall not become a Final Appealable Judgment or Order or Judgment under Federal Rule of Appellate Procedure 4(a)(4) until the determination of said motion for attorneys fees or costs is determined, and such motion for attorneys fees or costs shall be deemed to be a timely motion under F.R.C.P. Rule 59.

Dated: _____                    _____
                                             Brian F. Kenney
Alexandria, Virginia                         United States Bankruptcy Judge


I ASK FOR THIS

/s/ Scott A. Weible, Esq.
Scott A. Weible, Esq. (VSB # 75633)
Scott Alan Weible, P.L.L.C.
14540 John Marshall Highway, Suite 201
Gainesville, Virginia  20155
scott@weible.com
T:  703-754-2092
F:  703-754-2093
    *Counsel to Defendant Tammy L. Henry*

Scott A. Weible, Esq. (VSB # 75633)
Scott Alan Weible, P.L.L.C.
14540 John Marshall Highway, Suite 201
Gainesville, Virginia  20155-1693
T:  703-754-2092; F:  703-754-2093, scott@weible.com
*Counsel to Defendant Tammy L. Henry*

SEEN AND AGREED

/s/ Nathan D. Baney, Esq.
Nathan D. Baney, Esq. (VSB#: 75935)
Redmon, Peyton & Braswell, LLP
510 King Street, Ste 310
Alexandria, Virginia  22314
nbaney@rpb-law.com
T:  703-684-2000
F:  703-684-5109
    *Counsel to Plaintiff*

CERTIFICATE OF SERVICE

    I hereby certify that I have, this 21st day of September, 2012, caused to be served the foregoing proposed JUDGMENT on Counsel for Plaintiff, Nathan D. Baney, Esquire, Redmon, Peyton & Braswell, LLP, 510 King Street, Ste 310, Alexandria, Virginia  22314, nbaney@rpb-law.com, via email and via first class United States mail postage pre-paid, and upon Defendant Tammy L. Henry by email.

                                                  /s/ Scott A. Weible

Page **6** of **6**

Scott A. Weible, Esq. (VSB # 75633)
Scott Alan Weible, P.L.L.C.
14540 John Marshall Highway, Suite 201
Gainesville, Virginia  20155-1693
T:  703-754-2092; F:  703-754-2093, scott@weible.com
*Counsel to Defendant Tammy L. Henry*